The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
There are Form 21 and 26 Agreements in the file which have been approved by the Industrial Commission and are a part of the record. The parties also stipulated to the following:
 (1) That the claimant was an employee of the defendant Guilford County School System.
 (2) That on 21 June 1989 claimant was employed as a custodial worker at the Jamestown Middle School in Jamestown, North Carolina.
 (3) That on 21 June 1989 the claimant employee sustained an injury by accident in the course and scope of her employment when she lost her step while sweeping a staircase, fell and twisted her ankle.
 (4) That a Form 21 was executed by the parties on 13 February 1990.
 (5) That the claimant employee was seen initially by Emergicare in Jamestown and was referred to Dr. Peter W. Whitfield in High Point, North Carolina.
 (6) That employee was released to sedentary work by Dr. Whitfield on 28 August 1990.
 (7) That the claimant was rated by Dr. Whitfield on 28 August 1990 at 15 percent permanent partial impairment to the right foot below the ankle and with an activity level of sedentary.
 (8) That subsequent to 28 August 1990, the employer did not have sedentary work available for the claimant and the claimant has not returned to work with the Guilford County School Systems.
 (9) That on or about 11 January 1991 the defendant by and through its carrier/administrator filed with the North Carolina Industrial Commission a Form 28B answering question 12 in the affirmative as to whether or not the employee had returned to work giving the date of the return to work as 28 August 1990, and by stating that the average weekly wage at which the employee returned to work was the same as what the employee had maintained prior to the on the job injury.
 (10) That the employer and carrier/administrator are subject to the Act, that the matter is presently before the Industrial Commission upon motion of the claimant and that there are no jurisdictional issues.
With regard to payment of benefits made during the period in dispute, the parties stipulated that:
 (a) By check dated 7 September 1990 plaintiff was paid temporary total disability benefits from 28 August 1990 through 3 September 1990.
 (b) Twelve days elapsed, and then plaintiff was paid further temporary total disability benefits for the period from 4 September 1990 through 10 September 1990 by check dated 19 September 1990, which check cleared on 25 September 1990.
 (c) By check dated 25 September 1990 plaintiff was paid for the period 11 September 1990 through 17 September 1990.
 (d) By check dated 2 October 1990 plaintiff was paid for temporary total disability benefits for the period 18 September 1990 through 24 September 1990.
 (e) By check dated 8 October 1990 plaintiff was paid for temporary total disability benefits for the period 25 September 1990 through 1 October 1990.
 (f) By check dated 10 October 1990 defendant picked up with the ninth week of permanent partial disability benefits, taking credit for eight weeks from the temporary total disability benefits previously paid.
 (g) Following the PPD check dated 10 October 1990, plaintiff received the balance of her 21.6 weeks of permanent partial disability in three checks.
During the course of the hearing before the Deputy Commissioner, the parties stipulated that if the Form 26 Agreement is set aside, defendant is entitled to a credit for short term disability benefits paid on 28 February 1991 and 27 March 1991 in the total amount of $1,733.49.
On 9 February 1993 counsel for plaintiff filed a motion to impose discovery sanctions. The undersigned find, as the Deputy Commissioner found, the motion to be without merit, and it is hereby DENIED.
Plaintiff seeks to set aside the Form 26 Agreement and requests that temporary total disability benefits be reinstated beginning 21 February 1991.
* * * * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Although she does not have her high school diploma or GED, plaintiff can read and write. She is not illiterate.
2. Plaintiff was not represented by an attorney when she executed the Form 26 Agreement. Defendant did not advise plaintiff to seek or not seek counsel.
3. In September 1990 on only one occasion did more than seven days elapse between defendant's issuance of plaintiff's checks. On that one occasion 12 days elapsed between issuance of checks. At no point did more than 14 days elapse between the time a check was due and when it was actually issued.
4. Defendant at no time withheld plaintiff's workers' compensation checks with the intent to impose financial duress and thereby gain undue influence in negotiating a Form 26 Agreement.
5. When plaintiff was presented with the Form 26 Agreement to sign, she did not ask defendant's agents what the Agreement meant. Plaintiff did not call Bernice Allman before she signed the Form 26 Agreement. Plaintiff did not talk to Bernice Allman until after her checks were stopped.
6. After plaintiff executed the Form 26 Agreement she called Joan Miller, a secretary in the personnel office of the Guilford County Schools, on 20 September 1990 to ask what would happen if her ankle got worse. Miller told plaintiff she could reopen her claim if she received a higher rating. Plaintiff's question to Ms. Miller seems to indicate that she understood what it says on the face of the Form 26 Agreement, i.e., that she would only be receiving 21.6 weeks of further compensation.
7. The testimony of defendant's agents regarding what was and was not said to plaintiff in connection with the execution of the Form 26 Agreement is accepted by the undersigned as credible and convincing.
8. In connection with plaintiff's execution of the Form 26 Agreement defendant's agents did not make any statements to plaintiff which were inaccurate or misleading.
9. On Line 1 of the Form 26 Agreement, defendant crossed out the language "return to work," clearly indicating that the basis of the Agreement was that plaintiff had been rated, not that she had returned to work.
10. The Form 28B, which incorrectly states that plaintiff had returned to work at the same average weekly wage, was not prepared until 11 January 1991, long after the Industrial Commission had approved the Form 26 Agreement.
11. As of the date of the hearing, plaintiff had not found or returned to sedentary work.
12. When plaintiff reached maximum medical improvement and was rated, defendant's agents did not explain to her that she was free to make an election of remedies, and plaintiff was not independently aware of the law in this regard.
13. There was no fraud, misrepresentation, undue influence, or mutual mistake of fact in the execution of the Form 26 Agreement.
* * * * * * * * * * * * * *
The findings of fact and stipulations engender the following
CONCLUSION OF LAW
1. Recent case law from the North Carolina Supreme Court has concerned the Industrial Commission's review of Form 26 Agreements and its responsibilities concerning Form 26 approval. In the case of Vernonv. Steven L. Mabe Builders, 336 N.C. 425, 444 S.E.2d 191 (1994), the Supreme Court held as follows:
"[T]he statute requires, on the part of the Commission, a full investigation and a determination that a Form 26 compensation agreement is fair and just, in order to assure that the settlement is in accord with the intent and purpose of the Act that an injured employee receive the disability benefits to which he is entitled, and particularly, that an employee qualifying for disability compensation under both sections 97-29 and 31 have the benefit of the more favorable remedy." Id. at 425. This case is obviously of great importance to the outcome of the case at hand.
Thus, the Supreme Court has advised the Commission that the procedure in effect at the time plaintiff's Form 26 was approved by the Commission was not in accordance with the statute and was incomplete, lacking in sufficient evidence upon which the Commission could have based a conclusion that the agreement was fair and just and in accord with the intent and purpose of the Act.
The Vernon case was remanded to the Commission for consideration and adjudication of all of plaintiff's injuries and disabilities and ordering that the Industrial Commission conduct a full investigation and a determination of the Form 26's fairness, "considering plaintiff's entitlement to benefits under N.C.G.S.97-29." Id.
In Vernon, there was a full medical report attached to the Form 26 which rated plaintiff and stated that the physician did not think plaintiff could return to work, which opened the door for a possible G.S. 97-29 award. Id.
In the case at hand, the Form 26 agreement was submitted along with a full medical report, which rated plaintiff at a 15 percent permanent partial disability to the right foot and stated that, in the physician's opinion, plaintiff was capable of returning to work but doing only sedentary activity.
The Industrial Commission, in reviewing a Form 26, must conduct a full investigation into the fairness and justness of the agreement.
This being the case, the Form 26, in a case such as this one where plaintiff was at the time unrepresented and where plaintiff, as it appears on the face of the medical documentation, may be entitled to further temporary total disability or temporary partial disability on some basis, does not appear to be a fair one. Accordingly, the Form 26 Agreement is HEREBY SET ASIDE and its approval is deemed to have been prematurely and not properly given in light of the evidence of record and the Vernon decision.
ORDER
As the issues for the initial hearing and on appeal concern the election of benefits and the validity of the Form 26 Agreement, the issue of whether plaintiff was temporarily totally disabled or temporarily partially disabled was not sufficiently explored at the initial hearing. Therefore, the case is HEREBY REMANDED to a Deputy Commissioner for hearing on the merits of plaintiff's claim for temporary total disability and for the collection of evidence which shall then be forwarded to the Full Commission for further review and decision on the matter once the record is closed.
Defendants shall bear the costs.
This the __________ day of ________________________, 1995.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ W. JOEY BARNES DEPUTY COMMISSIONER
S/ __________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
JHB/nwm 02/22/95